PETER J. REED
14925 INDIANA AVE
PARAMOUNT, CA 90723
(562) 535-0015
Pro-se

FILED
2022 JUL 28 PM 12:10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY___RS___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. REED,<br><br>     Plaintiff,<br><br>vs.<br><br>C. MUHAMMED, RAMOS III, D. ROUSE, J. GAGLIARDINI, J. LANDWEHR, J. BEARD- AND DOES 1-3<br><br>     Defendant | CASE NO. **2:22-CV-05227-GW-MAAx**<br><br>COMPLAINT FOR DECLARATORY RELIEF AND MONETARY AND PUNITIVE DAMAGES |

Plaintiff **REED** alleges the following:

INTRODUCTION

This is a civil rights complaint for monetary damages brought over the use of unreasonable, unnecessary and excessive force in violation of the legal rights of plaintiff **REED** while incarcerated at the California State Prison- San Luis Obispo (California Men's Colony) by defendant(s) J. **BEARD,** John **Doe 1**, who were California Department of Corrections and Rehabilitation correctional sergeants at California Men's Colony; and C. **MUHAMMED**, J. **GAGLIARDINI**, J. **LANDWEHR**, **RAMOS III**, D. **ROUSE**, John **Doe 2**, John **Doe 3**- California Correctional Officers at California Men's Colony.

REED V. MUHAMMED- 1 OF 11

## JURISDICTION AND VENUE

1. This is a civil rights action to redress the deprivation under the color of state law of rights, privileges, and immunities guaranteed by the Eighth Amendment of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 1343.

2. This Court has jurisdiction over plaintiff's action for declaratory relief pursuant to 28 U.S.C. and Rule 57 of the federal Rules of Civil Procedure.

3. Venue is proper in the Central District of California under 28 U.S.C. §1391(b)(1) because the defendant resides within this district, and all defendants are residents of the state of California.

## PARTIES

4. Plaintiff **REED** was at all times relevant to this action a convicted inmate incarcerated in the California Department of Corrections and Rehabilitation (herein after CDCR), California Men's Colony (herein after CMC).

5. Defendant J. **BEARD** was at all relevant times a sergeant and is sued herein in his individual capacity. J. **BEARD** was responsible for supervising and

discipling of all correctional officers relevant to this complaint and failed in his duty to prevent injury to the plaintiff's person.

6. Defendant John **DOE 1** was at all relevant times a sergeant and is sued herein in his individual capacity. John **DOE 1** was responsible for supervising and discipling of all correctional officers relevant to this complaint and failed in his duty to prevent injury to the plaintiff's person. John **DOE 1** is responsible for the unjustified-unnecessary force used upon defendant's person.

7. Defendant(s) C. **MUHAMMED**, J. **GAGLIARDINI**, J. **LANDWEHR**, **RAMOS III**, and D. **ROUSE**- are or were correctional officers at CMC at all times relevant to this lawsuit and are sued in their individual capacities.

8. Defendant(s) John **DOE 2**, and John **DOE 3**- are or were correctional officers at CMC at all times relevant tot his lawsuit and are sued in their individual capacities.

9. At all times mentioned herein, the defendants and each of them, were employees of the California Department of Corrections and Rehabilitation

### FACTUAL ALLEGATIONS

10. On August 11, 2020, while exiting the D facility dining hall following breakfast, **REED** was unjustifiably placed in handcuffs (behind back) by

REED V. MUHAMMED- 3 OF 11

officer D. **ROUSE**, after requesting that he properly wear his Covid mask, due to his battering of **REED's** person with his spit droplets.

11. While being placed in handcuffs **REED** shouted down to sergeant J. **BEARD** for assistance- informing him that he had a chrono for special cuffing due to a previous injury, to which **BEARD** dismissively replied, *'Don't worry about it'*.

12. After being placed in handcuffs, **ROUSE** proceeding to slap a cup of hot coffee from out of **REED's** hands, which liquids- due to **ROUSE's** actions- came in contact with **REED's** person.

13. After placing **REED** in handcuffs, **ROUSE** then proceeded to shove **REED** down a flight of stairs, in which he stumbled down alone and fell upon a stairway railing, at which point Rouse then attempted to violently force him over. Causing injury to **REED's** person.

14. During such struggle for **REED** to not fall over said stair railing, officer(s) C. **MUHAMMED** and J. **GAGLIARDINI**, took over control of **REED's** person from officer ROUSE, by snatching **REED** back up from the railing and onto his feet. Causing injury to **REED's** person.

15. Officer(s) C. **MUHAMMED** and J. **GAGLIARDINI**, proceeded to usher **REED** down the remainder of steps, with his hands pulled up from behind-above his head. While forced in a hunched forward position, both officers- while escorting **REED**, began to with malice intent force **REED's** person into the railing and walls along the way. Causing injury to **REED's** person.

16. Upon being escorted past J. **BEARD**, **REED** attempted to communicate the fact that unjustifiable-excessive force was being used against his person. J. **BEARD** ignored **REED's** pleas and laughed- while turning his head to look away from the escort.

17. As the escort neared the program office, C. **MUHAMMED** suddenly attempted to forcefully snatch **REED's** jacket from of off his person- but could not due to the hinderance of **REED's** hands being cuffed together. Following these actions- and upon reaching the vicinity of the program office (where other officers stood), C. **MUHAMMED** suddenly called out for a *'TAKEDOWN'* and proceeded to place **REED** in a chokehold. C. **MUHAMMED** then with his arm around **REED's** neck, proceeded to slam **REED** to the ground beneath his full weight, causing for **REED's** head to slam into the concrete. **REED** instantaneously incurred injury to his head in result.

18. Following being driven into the concrete, C. **MUHAMMED** proceeded to place his knee upon **REED's** head. **REED's** face was flat down upon the ground at this time. Causing injury to his person.

19. With C. **MUHAMMED's** knee rested upon **REED's** head, holding his head in place, officer(s) J. **GAGLIARDINI** and J. **LANDWEHR**, attempted to force **REED** onto his side, causing painful injury to **REED's** neck. Due to such actions, **REED** was forced to turn his head to the side, incurring a large scrape and contusions to his head- in order to prevent his neck from being broken. Causing injury to his person.

20. During such force, J. **BEARD** did not intervene in any capacity.

21. C. **MUHAMMED** then went on to remove his knee from off of **REED's** head and reposition his full weight upon **REED's** neck- cutting of **REED's** air supply. Causing injury to REED's person.

22. **REED** shouted out multiple time that he could not breath, yet C. **MUHAMMED's** knee remained upon his neck. At some point during such use of force **REED** lost consciousness.

23. **REED** awoke in an outside hospital, under the supervision of John **DOE 1**.

24. After a cat scan on **REED's** head and neck, **REED** was returned to the custody of John **DOE 1**. **REED** was then transported back to CMC, where he was temporarily held within the Central Medical Facility.

25. During **REED's** hold at the medical facility, he alerted medical staff COONS and several officers that he felt suicidal and required mental health attention. His request for help was consciously ignored.

26. Moments later- **RAMOS III** entered the medical facility and informed **REED** that he was sent to escort **REED** back to D-yard. **REED** requested a wheelchair and special cuffing due to medical injuries, to which John **DOE 1** claimed that there were no wheelchairs and that he would make it back to the yard on foot without special cuffing *'One way or another'*.

27. **REED** was later- with force- extracted from the medical holding cell by **RAMOS III**, John **DOE 1**, John **DOE 2**, and John **DOE 3**. **REED** was slammed into a medical cabinet, where his hands were- with force- handcuffed behind his back. **REED** was then ordered to keep his head straight under constant physical threat and pushed from behind by multiple hands, forcing him to move forward- though he informed officers that his ribs, neck and back where in excruciating pain. **REED** incurred injury to his person.

28. **REED** was pushed outside of the medical facility, where he finally collapsed on the ground. John **DOE 1** ordered **REED** to stand up from the ground under physical threat. When it became clear that **REED** would not get up, John **DOE 1** requested a wheelchair, that was immediately brought out by medical staff COONS. Though **REED** informed all officers that he could get into the wheelchair, all officers- with force- snatched **REED** up from the ground and forcefully placed him within the wheelchair, causing injury to **REED's** person.

29. **REED** was then escorted via wheelchair back to D-yard facility by **RAMOS III**. Upon arrival outside the D-yard program office, **REED** was dumped out of the wheelchair and into a small 4 x 4 foot holding cage by **RAMOS III**. The cage had no seat- and **REED** thrown onto the ground with his hands still cuffed behind his back, where he remained for an extended period. Causing further injury to **REED's** person.

CAUSE OF ACTION

(42 U.S.C. §1983, 8TH Amendment to the U.S. Constitution)

(Plaintiff v. C. **Muhammed**, **Ramos III**, J. **Gagliardini**, J. **Landwehr**, J. **Beard**

D. **Rouse**, and John **Does 1-4**)

30. The allegations contained in paragraphs 1-29, inclusive, are hereby incorporated by reference.

31. Defendant(s) C. **Muhammed**, **Ramos III**, J. **Gagliardini**, J. **Landwehr**, J. **Beard**, D. **Rouse**, and John **Does 1-3** violated plaintiff's right to be free from Cruel and Unusual punishment guaranteed to the plaintiff by the Eighth Amendment of the U.S. Constitution by their actions of intimidation, abuse, harassment and other violations of law against plaintiff

32. Defendants' wrongful actions alleged herein are in violation of 42 U.S.C. §1983 because they have deprived plaintiff of rights, benefits, and privileges secured by the United States Constitution.

33. Defendants acted under color of state law.

34. Defendants knew or should have known that their conduct, attitudes and actions created an unreasonable risk of serious harm to plaintiff.

35. The actions and conduct of defendants demonstrate deliberate indifference for plaintiff's 8th Amendment rights.

36. As a proximate result of defendants' violation of plaintiff's right to be free from Cruel and Unusual punishment while housed at CMC, plaintiff has suffered, is suffering, and will continue to suffer irreparable harm.

37. As a direct and foreseeable result of the defendant's violations of the 8th Amendment, plaintiff has suffered, is suffering and will continue to suffer injuries in the form of pain and suffering, shame, humiliation, degradation, emotional distress, embarrassment, mental distress and other injuries.

38. As a direct and foreseeable result of the defendant's violation of the 8th Amendment, plaintiff suffered, is suffering and will continue to suffer physical injuries in the form of painful migraine headaches, back pain, neck pain, wrist pain, leg and foot pain. As well as problems with sight and hearing among other injuries.

39. An actual controversy exists between plaintiff and defendants concerning their rights, privileges and obligations.

REED V. MUHAMMED- 10 OF 11

40. Defendants' acts were willful, intentional, malicious, wanton and despicable, in conscious disregard of plaintiff's rights, entitling plaintiff to an award of exemplary damages.

## PRAYER FOR RELIEF

41. Wherefore, plaintiff respectfully prays for relief as follows:

   1. Issue declaratory judgement that the defendants; actions complained herein violated plaintiff's rights under the U.S. Constitution and as otherwise alleged herein;
   2. Award plaintiff monetary damages, compensatory and punitive, in an amount to be determined at trial; (JURY TRIAL REQUESTED)
   3. Award plaintiff the costs of suit and reasonable attorney's fees; and grant plaintiff such other and further relief as the court deems just and proper

Dated: 7/27/2002

Respectfully Submitted by;

_____
Plaintiff

REED V. MUHAMMED- 11 OF 11